UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SARAH BARKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:10-cv-26-RLY-WGH |
| FLOYD MEMORIAL HOSPITAL AND HEALTH SERVICES, | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL NON-PARTY DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Motion to Compel Non-Party Discovery filed August 11, 2010. (Docket Nos. 21-22). Non-party Indiana Department of Workforce Development ("IDWD") filed its Response in opposition to the motion and a Motion to Quash Subpoena Duces Tecum on August 26, 2010.[1] (Docket No. 27). Defendant filed a Reply Brief on September 2, 2010. (Docket No. 28).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the motion, as follows:

[1]The Magistrate Judge notes that IDWD included a Motion to Quash in its response to defendant's motion to compel. This is in direct violation of Local Rule 7.1(a) of the United States District Court for the Southern District of Indiana which explicitly explains that "[a] new motion must not be incorporated within a brief, response, or reply to a previously filed motion . . . ." Consequently, the court will not address IDWD's Motion to Quash.

Plaintiff, Sarah Barker, has filed a claim against her former employer, Floyd Memorial Hospital and Health Services ("Floyd Memorial"), alleging that it wrongfully terminated her in violation of the Family Medical Leave Act. Before trial, the parties may seek discovery to determine whether Plaintiff has mitigated her damages. In order to complete discovery, a party may need to examine what steps Plaintiff took after being terminated in order to secure subsequent employment. In recognition of this issue, on July 14, 2010, Defendant issued a subpoena duces tecum to non-party IDWD, who Plaintiff had allegedly worked with to obtain unemployment benefits, requesting production of:

> a true, complete and authentic copy of its entire file and/or records (including computer files) in its possession for **Sarah Barker**, **Date of Birth** [redacted], **Social Security No.** [redacted], regarding her employment with and separation from Floyd Memorial Hospital and Health Services.
>
> Such records shall include, but are not limited to, all records relating to Sarah Barker's applications or adjustments to the Department of Workforce Development for claims and/or benefits. Said documents should include, but not be limited to, any and all unemployment applications or adjustments filed by Sarah Barker, medical records, claim vouchers, supporting documents, histories or other reports made in connection with any and all requests of Sarah Barker for unemployment and/or other benefits.

(Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Ex. A).

The IDWD is governed by certain statutes, including Section 22-4-19-6 of the Indiana Code, which provides, in pertinent part, that:

> . . . information obtained or obtained from any person in the administration of this article and the records of the department relating to the unemployment tax or the payment of benefits is confidential and may not be published or be open to public

> inspection in any manner revealing the individual's or the employing unit's identity, *except in obedience to an order of a court* or as provided in this section.

Ind. Code § 22-4-19-6(b)(emphasis added). Pursuant to this section of the Indiana Code, IDWD issued several objections to the subpoena duces tecum, including a formal objection on August 10, 2010, asserting that it was not permitted to release the subpoenaed information without a court order. (Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Exs. B, G).[2] Defendant's counsel repeatedly argued to counsel for IDWD that the Seventh Circuit has ruled that a subpoena is a court order and that case law within the Southern District of Indiana indicated that the issuance of additional superfluous orders were not necessary. (*Id.* at Exs. E, F). After IDWD objected to the subpoena, Defendant filed the instant motion to compel. IDWD still continues to object on the sole basis that Section 22-4-19-6(b) of the Indiana Code prohibits disclosure of the requested information without a court order. (*See* Response to Defendant's Motion to Compel Discovery and Motion to Quash Subpoena Duces Tecum).

The Seventh Circuit very recently confirmed again that a subpoena duces tecum served by an attorney is an order of the court. *U.S. S.E.C. v. Hyatt*, --- F.3d ---, 2010 WL 3447738 at *5 (7th Cir. 2010). However, if the party served with the subpoena files a written objection, then the party seeking discovery

---

[2]This appears to be contrary to the position the IDWD took in litigation only a few months earlier when it released similar information absent a court order. (Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Ex. D).

must then obtain a court order directing compliance with the subpoena before any sanctions are awarded. *Id.* In light of the Seventh Circuit's ruling in *Hyatt*, the Magistrate Judge finds as follows:

1. The subpoena duces tecum qualifies as the type of "order of a court"necessary under Ind. Code § 22-4-19-6(b). Therefore, IDWD must produce the information sought by Defendant in the subpoena duces tecum, unless it has some other reason for objecting to compliance.

2. Defendant is not entitled to sanctions at this time, as IDWD objected to the subpoena duces tecum in writing and also had a colorable objection to the subpoena duces tecum. The colorable objection existed because certain portions of the information sought, including medical records and information which under federal rules in this District must be redacted, is usually produced subject to a protective order defining what future use is to be made of the materials.

3. Defendant shall maintain the information received as a part of this order in a confidential manner and shall not use it outside the scope of this litigation. Any personal identifiers with respect to Plaintiff, including her social security number or date or birth, shall be redacted when the items are produced. The items shall be destroyed or returned at the conclusion of this litigation, at the option of IDWD.

**SO ORDERED.**

**Dated:** September 27, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**<u>Electronic copies to</u>:**

Philip J. Gibbons Jr.
GIBBONS JONES, P.C.
pgibbons@gibbonsjones.com

James J. Hutton
OFFICE OF THE INDIANA ATTORNEY GENERAL
james.hutton@atg.in.gov

Andrew G. Jones
GIBBONS JONES P.C.
ajones@gibbonsjones.com

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig Warner Wiley
HALL RENDER KILLIAN HEATH & LYMAN
cwiley@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com